# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO.:3:14-MC-11-JEM |
| ) | |
| RYAN ANDERSEN d/b/a ) | |
| RYNO MANAGEMENT, ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on a Petition for Enforcement of a Toxic Substance Control Act Subpoena [DE 1], filed by Plaintiff United States of America, acting on behalf of the U.S. Environmental Protection Agency (EPA), on April 23, 2014. The Government asks that the Court order Respondent Ryan Andersen to comply with an administrative subpoena issued and served upon him by the EPA under its subpoena powers in the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2610(c).

The Government represents that Andersen rents and sells real property in South Bend, Indiana, making him subject to the Real Estate Notification and Disclosure Rule ("Lead Disclosure Rule"), codified at 40 C.F.R. Part 745, subpart F. The Government further represents that the EPA sent an Information Request Letter to Andersen on February 8, 2012, seeking information regarding his compliance with the Lead Disclosure Rule after receiving communication from one of Andersen's tenants, alleging that Andersen had not complied with the Lead Disclosure Rule. The Government states that Andersen did not provide the information requested in the Information Request Letter after having been granted two extensions of time in which to do so.

Accordingly, on April 23, 2014, the Government filed the instant Petition for Enforcement of a Toxic Substance Control Act Subpoena on behalf of the EPA.[1] On May 23, 2014, the Court ordered Andersen to show cause, in writing, why the Court should not issue an order compelling him to comply with the subpoena. On June 14, 2014, Andersen, *pro se*, filed a response to the show cause order. On July 11, 2014, the Government filed a response to Andersen's response, construing it as a motion to dismiss the Petition for Enforcement and a motion to appoint counsel. On September 3, 2014, the Government requested a hearing on the Petition. A hearing was held on October 20, 2014, at which Andersen appeared *pro se*.

**ANALYSIS**

In his response to the show cause order, Andersen wrote that he has not complied with the subpoena because he "do[es] not understand what is being requested." Resp. 1. He also takes issue with the time and cost it would take to comply with the subpoena and requests that the Court appoint him counsel "in order for [him] to be able to comply with such an extensive request." Resp. 1. Finally, he asks to have the petition dismissed "due to the private nature of the documents being requested without ANY provable 'JUST CAUSE'." Resp. 1. On July 11, 2014, the Government filed a response in which it argues that the Petition should not be dismissed and that the appointment of counsel at the EPA's expense is unwarranted.

**I.     Request that the Court Dismiss the Petition for Enforcement**

The Government has the burden of showing that an administrative subpoena should be enforced. *See* 15 U.S.C. § 2610(c) (requiring the EPA to bring an action for enforcement of a

---

[1] Federal courts have jurisdiction to order compliance with a TSCA subpoena "[i]n the event of contumacy, failure, or refusal of any person to obey any such subpoena." 15 U.S.C. § 2610(c). Further, "[a]ny failure to obey such an order of the court is punishable by the court as a contempt thereof." 15 U.S.C. § 2610(c).

2

subpoena in federal court instead of requiring the subpoenaed party to file a motion to quash). "In general, an administrative agency's subpoena meets the requirements for enforcement if (1) the inquiry is within the authority of the agency, (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant to the investigation." *Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO*, 467 F.3d 1014, 1017 (7th Cir. 2006) (citing *United States v. Morton Salt Co.*, 338 U.S. 632, 653 (1950)); *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995)).

The Government asserts that the subpoena is within the EPA's authority. The Toxic Substances Control Act (TSCA), 15 U.S.C. § 2601 *et seq*, provides the EPA with "authority . . . to regulate chemical substances and mixtures which present an unreasonable risk of injury to health or the environment." 15 U.S.C. § 2601(b). 15 U.S.C. § 2615 gives the EPA the authority to carry out the civil and criminal enforcement provisions of the TSCA, found at 15 U.S.C. § 2614 and § 2689. Under section 2689, it is illegal "for any person to fail or refuse to comply with a provision of [42 U.S.C. § 4852d] or with any rule or order issued under [it]." 42 U.S.C. § 4852d(b)(5). The Real Estate Notification and Disclosure Rule ("Lead Disclosure Rule"), codified at 40 C.F.R. Part 745, subpart F, was issued under 42 U.S.C. § 4852d. Therefore, the EPA has the authority to enforce the Lead Disclosure Rule. The EPA is also authorized to issue administrative subpoenas to "require . . . the production of reports, papers, documents, answers to questions, and other information that the Administrator deems necessary" to carry out the provisions of the TSCA, including the Lead Disclosure Rule. 15 U.S.C. § 2610(c). Accordingly, the subpoena is within the EPA's powers.

The Government also asserts that the subpoena is not too indefinite and that the requested information is reasonably relevant to the investigation into Andersen's compliance with the Lead Disclosure Rule. The Lead Disclosure Rule requires lessors to include information regarding the

potential presence of and dangers of lead-based paint in each contract for the lease of most housing built before 1978. 40 CFR § 745.113(b). The Rule also requires a lessor to "retain a copy of the completed attachment or lease contract containing the information required under paragraph (b) . . . for no less than 3 years from the commencement of the leasing period." 40 CFR § 745.113(c). The subpoena seeks Andersen's lease agreements, property listings, any documentation containing the names and ages of tenants, and all documents pertaining to the disclosure of lead-based paint or lead-based paint hazards from the three years prior to issuance of the subpoena. It also seeks answers to questions regarding Andersen's knowledge of the presence of lead-based paint and lead-based paint hazards, tenant health problems, and any complaints regarding high blood lead levels. The Court finds that these requests are sufficiently definite to be enforceable. They are also narrowly tailored to elicit information that is directly relevant to the investigation into whether Andersen complied with the Lead Disclosure Rule's requirements to inform lessees of the potential existence of and hazards of lead-based paint and to keep copies of lease agreements containing the required language for three years. Because the Government has shown the subpoena is within its powers, is not too indefinite, and is reasonably relevant to the investigation, it has met its burden of showing that the subpoena is enforceable.

If the Government meets its burden of showing that and administrative subpoena is enforceable, a court may nonetheless deny enforcement if the subpoena "is excessively burdensome, that is, if compliance would threaten the normal operation of a respondent's business." *Quad/Graphics, Inc.*, 63 F.3d at 645 (internal citations and quotations omitted). Andersen has the burden of showing that the subpoena is excessively burdensome. *Id.* at 648. In his response to the show cause order, Andersen objects to the "countless time and money" that would be required to respond to the subpoena. Resp. 1. Andersen has not, however, provided any evidence to show that

4

complying with the subpoena would interfere with his normal business operations. He did not provide the Court with any estimates of the time and cost it would actually take to comply, but only made conclusory statements that the burden of complying with the subpoena would be costly and time-consuming. Accordingly, Andersen has not met his burden of showing the subpoena is overly burdensome. The Court also notes that the Government represents that in discussions just prior to the hearing, it offered to limit its request for documents to only those related to his current rental properties and to allow Andersen to respond to much of the rest of the subpoena by deposition, thereby potentially relieving him of much of the burden of preparing detailed written responses. Andersen refused the offer, leading the Court to conclude that Andersen would find any request for information from the Government to be overly burdensome.

Andersen also argues that there is no "just cause" for the subpoena. The Government alleges that it first informally sought the information requested in the subpoena after one of Andersen's tenants notified the EPA that Andersen had not provided the lead hazard information pamphlet required by the Lead Disclosure Rule. Andersen stated at the hearing that prior to communicating with the EPA, the tenant had threatened to make false accusations against Andersen with various state and federal agencies in order to force Andersen to let the tenant out of his lease early. Andersen argues that a single, false, anonymous tip should not trigger "such a costly and extensive inquiry" against him and does not provide "just cause" for the subpoena. Resp. 1. However, even if the tip ultimately proves to be false, "enforcement of a subpoena cannot be resisted on the ground that the information the agency is seeking would not justify an enforcement action." *E.E.O.C. v. Sidley Austin Brown & Wood*, 315 F.3d 696, 700 (7th Cir. 2002). Unlike a warrant, there is no requirement that the Government show probable cause. *Commodity Futures Trading Comm'n v. Tokheim*, 153 F.3d 474, 477 (7th Cir. 1998) (stating that probable cause "never has been required

by the federal courts with respect to administrative subpoenas.") (citing *United States v. Powell*, 379 U.S. 48, 57 (1964); *Morton Salt Co.*, 338 U.S. at 642-43). Accordingly, Andersen's argument is unavailing. Andersen also states that he objects to the subpoena because the documents are "private." However, the subpoena does not appear to ask for anything that is not business-related.

Because the Government has met its burden of showing that the subpoena is enforceable and because Andersen's arguments against enforcement are unavailing, the Court will order Andersen to comply with the subpoena.

## II. Request for the Appointment of an Attorney

Andersen also requests in his response to the show cause order that the court appoint him an attorney at the EPA's expense "in order for [him] to be able to comply with such an extensive request." Resp. 1. Andersen states that he does not understand what is being requested in the subpoena, does not understand the legal terms it contains, and is incapable of responding in an organized fashion without assistance. He stated at the hearing that he requested assistance from the EPA to prepare a response but said they were unwilling to provide the requested assistance. He argues that he needs an attorney to help him to respond but states that he cannot afford one and, therefore, asks the Court to appoint one at the EPA's expense. In its brief, the Government states that it has no position on the appointment of counsel, but objects to paying for it.

There is no right to counsel in federal civil litigation, but a district court has discretion to recruit counsel to represent someone unable to afford it. 28 U.S.C. § 1915(e)(1). *See Henderson v. Ghosh*, 755 F.3d 559 (7th Cir. 2014). "If an indigent plaintiff has made a reasonable attempt to obtain counsel and then files a motion for recruitment of counsel, the district court should ask 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *DeWitt v. Corizon, Inc.*, 760

F.3d 654 (7th Cir. 2014) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). At the hearing, Andersen stated that he talked to at least three attorneys after he first received communication from the EPA but that they all wanted large retainers that he could not afford. He further stated, however, that he has not attempted to talk to an attorney since the Court issued its order to show cause on May 23, 2014. Because he has not recently contacted any attorneys, the Court finds that Andersen has not shown that he has made a reasonable attempt to obtain counsel. Accordingly, the Court will deny Andersen's request to appoint him an attorney.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Petition for Enforcement of a Toxic Substance Control Act Subpoena [DE 1]. Respondent Ryan Andersen is **ORDERED** to comply with the March 6, 2013, administrative subpoena issued by the EPA by providing the requested information by **December 19, 2014**, to the United States Attorney's Office, attn: AUSA Wayne Ault; 5400 Federal Plaza, Suite 1500; Hammond, Indiana 46320; or by any means mutually agreed upon by the parties.

The Government is **ORDERED** to **FILE a status report** notifying the Court of the status of Andersen's compliance with this Order by **January 31, 2015**.

SO ORDERED this 22nd day of October , 2014.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record;
Ryan Andersen
900 Ogden Avenue, Unit 182
Downers Grove, IL 60515