UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Petitioner, <br><br> v. <br><br> RYAN ANDERSEN d/b/a <br> RYNO MANAGEMENT, <br>     Respondent. | ) <br> ) <br> ) <br> )   CAUSE NO.:3:14-MC-11-JEM <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Hearing or Dismissal [DE 12], filed by Respondent, *pro se*, December 17, 2014. Petitioner responded January 5, 2015. Respondent did not file a reply and the time to do so has passed.

**BACKGROUND**

On April 21, 2014, Petitioner United States filed a Petition for Enforcement of a Toxic Substance Control Act Subpoena acting on behalf of the U.S. Environmental Protection Agency ("EPA") seeking information regarding Respondent's compliance with the Real Estate Notification and Disclosure Rule ("Lead Disclosure Rule"), codified at 40 C.F.R. Part 745, subpart F. The Petitioner seeks to enforce a March 6, 2013, subpoena by the EPA requesting information regarding Respondent's property listings, lease agreements, any documentation containing the names and ages of tenants, and all documents pertaining to the disclosure of lead-based paint or lead-based paint hazards from the three years prior to issuance of the subpoena. It also seeks answers to questions regarding Respondent's knowledge of the presence of lead-based paint and lead-based paint hazards, tenant health problems, and any complaints regarding high blood lead levels. On October 20, 2014, the Court held a hearing to show cause at which Petitioner and Respondent, *pro se*, were present. The Court found the EPA's subpoena enforceable on October 22, 2014, and

ordered Respondent to comply by December 19, 2014.

**ANALYSIS**

In the instant Motion, Respondent requests that he not have to respond further to the EPA subpoena. Respondent argues that the EPA initially asked about eleven properties, and now asks for seventy-four "or so" other properties that may have been managed or owned by Respondent. Resp't Mot. p. 1 [DE 12]. Respondent argues that with this information the Court can better understand that this is "a Far Too Extensive task for me to perform." *Id*.

Petitioner argues that Respondent's motion for hearing or dismissal should be denied because it provides no new argument or information to warrant granting relief. Petitioner represents that Respondent has provided only partial responses for eight properties and has not responded to the request to identify "all properties" owned or managed by Respondent at any period of time after February 1, 2010. Petitioner argues that Respondent should not be able to remain silent as to the number of properties subject to the subpoena and then try to make an issue of the number of properties.

A court may deny enforcement if an administrative subpoena "is excessively burdensome, that is, if compliance would threaten the normal operation of a respondent's business." *E.E.O.C. v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995) (internal citations and quotations omitted). Respondent has the burden of showing that the subpoena is excessively burdensome. *Id.* at 648. In the instant Motion, Respondent argues the tasks "is Far Too Overwhelming to be able to fully fulfill the EPA's request with complete accuracy because of the sheer volume. . .. All Time, Money and Energy it would drain me." Resp't Mot. p. 1 [DE 12]. Respondent has not, however, provided any evidence to show that complying with the subpoena would interfere with his normal business operations. He does not provide the Court with any estimates of the time and cost it would actually

take to comply, but only makes conclusory statements that the burden of complying with the subpoena would be costly and time-consuming. *See Quad/Graphics, Inc.,* 63 F.3d at 649 (must do "more than simply assert that compliance would be burdensome").

Respondent argues since the number of properties for which information is being requested has gone from eleven to seventy-four or more, Respondent should now be excused from responding to the subpoena. However, since the initial March 6, 2013, subpoena by the EPA, Respondent has been asked to identify all properties owned or managed by him and provide the information requested for each property. The information regarding the number of properties owned or managed by Respondent rests with the Respondent. This is true as of the initial subpoena date as well as the Court's hearing October 20, 2014, when the Court considered Respondent's initial argument that the subpoena was overly burdensome. Respondent may not now claim that responding to the subpoena creates an excessive burden for the Court to deny enforcement since there has been no change to the request nor has Respondent provided anything but simple assertions that compliance would be burdensome. The Court also notes that the Government continues to offer to allow Respondent to respond to much of the rest of the subpoena by deposition, thereby potentially relieving him of much of the burden of preparing detailed written responses. Accordingly, Respondent has not met his burden of showing the subpoena is overly burdensome.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Motion for Hearing or Dismissal [DE 12]. Respondent Ryan Andersen is **ORDERED** to comply with the March 6, 2013, administrative subpoena issued by the EPA by providing the requested information by **February 17, 2015**, to the United States Attorney's Office, attn: AUSA Wayne Ault; 5400 Federal Plaza, Suite 1500; Hammond, Indiana 46320; or by any means mutually agreed upon by the parties.

The Government is **ORDERED** to **FILE a status report** notifying the Court of the status of Respondent's compliance with this Order by **March 16, 2015**.

SO ORDERED this 22th day of January, 2015.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record;
Ryan Andersen
900 Ogden Avenue, Unit 182
Downers Grove, IL 60515